UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONI HORNE and
COLEMAN HORNE,

   Plaintiffs,

                               CASE NO.:

vs.

LOANCARE, LLC                   DEMAND FOR JURY TRIAL

   Defendant.
_____/

## COMPLAINT

COME NOW Plaintiff, TONI HORNE and COLEMAN HORNE (hereinafter "Plaintiffs"), by and through undersigned counsel, and files this Complaint against Defendant, LOANCARE, LLC. and alleges:

### I. PARTIES

1. Plaintiff Toni Horne is a natural person, and a resident of Duval County, Florida.

2. Plaintiff Coleman Horne is a natural person and a resident of Duval County, Florida.

3. Both Plaintiffs are under the jurisdiction of this Court, are "consumers" as that term is defined by Fla. Stat. §559.55(8) and persons as defined by the RESPA at 12 U.S.C. § 2602(5).

1

4. Defendant LOANCARE is a limited liability company based in Virginia Beach, VA and is subject to the jurisdiction of this court.

5. Defendant LOANCARE is a "person" as that term is mentioned in Fla. Stat. §559.72 and a "Person" within the meaning of the RESPA, 12 U.S.C. § 2602(5).

6. At all relevant times, Defendant is and was a loan "Servicer" of the Hornes' "Federally Related Mortgage Loan" within the meaning of those terms as defined by the RESPA respectively at 12 U.S.C. § 2605(i)(2) and 2602(1).

7. At all relevant times, Defendant was engaged in "Servicing" within the meaning of the RESPA, 12 U.S.C. § 2605(i)(3).

8. Defendant LOANCARE, a direct subsidiary of Fidelity National Financial, subservices loans in all 50 states. Defendant LOANCARE does not originate or refinance loans. LOANCARE operates from its main location in Virginia Beach, VA and maintains branch operations in Jacksonville, FL, Chandler, AZ, and Pittsburgh, PA.

9. As of June 30, 2021, LOANCARE'S $389.6 billion portfolio consisted of approximately 1.81 million loans. The servicer's portfolio contains approximately 1.6 million GSE (FNMA, FHLMC and GNMA) loans totaling $334 billion, and approximately 204,780 other loans (third-party servicing) totaling $55.6 billion.

## II. JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the RESPA, 12 U.S. Code § 2614.

11. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and the Defendant transacts business here pursuant to 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS

12. Plaintiffs Toni and Coleman Horne have lived in, and paid a mortgage on, the same home for nearly two decades.

13. On December 16, 2002, Toni and Coleman Horne purchased a home at 7764 Andes Dr., Jacksonville, FL 32244 (Lot 112 Collins Ridge).

14. On December 31, 2002, Mortgage securing property for $98,000 entered into by Toni Horne and Coleman Horne.

15. For several years, the Hornes made payments on time with their Mortgage.

16. On or about June 2019, Defendant acquired servicing of the Mortgage.

17. On June 19, 2020, Toni Horne, sent a cashier's check in the amount of $1778.68 to Defendant. She included a letter instructing the following:

> To: Loancare LLC
> Re: Loan #009709514

> Please find attached cashiers check #004561491 in the amount of $1778.68 to be allocated as follows:
>
> $860.35  May 2020
> 860.35 June 2020
>   28.99 late fee May 2020
>   28.99 late fee June 202
> $1778.68
> Sincerely, Toni Horne
>
> ***See Exhibit A.***

18. The Horne's payment ($1778.68) and instructions were received by LoanCare on June 22, 2020. The $1778.68 was deposited by LoanCare in its Wells Fargo account on June 22, 2020 and cleared the Horne's credit union account on June 2, 2020.

19. However, to the Horne's dismay, the July 2020 Statement failed to reflect the two payments made in June. Under "Recent Account History" it showed that the April 2020 payment was fully paid however, it showed the payment was due for May 2020 and June 2020. ***See Exhibit B.***

20. Plaintiff called Defendant repeatedly to find out where their June payment was applied and never received a clear response.

21. Plaintiffs made payments over the next few years, but, unexpectedly, on August 31, 2021 and September 7, 2021, Defendant sent back two payments that had been made over a year prior in 2020. ***See Exhibits C, D respectively.***

22. Both $1,778.68 payments were returned for being "less than half the amount due." **See Exhibits C, D.** At the time of receipt, they were the full amount.

23. Defendant's own payment history demonstrates confusion as to what happened with these payments. **See Composite Exhibit E.**

24. The Amount of $1,778.68 was added and removed in suspense, and noted as a "misapplication." **See Exhibit E.**

25. The return of these payments and misapplication of funds resulted in Plaintiffs being marked as delinquent for several more months, causing Defendant to file for foreclosure in July 2022. **See Circuit Court of the Fourth Circuit, Duval County, Florida 16-2022-CA-004263-XXXX-MA.**

26. Confused, in August 2022, Plaintiffs sent a Request for Information to Defendant pursuant to RESPA through their counsel. **See Exhibit F, Confirmed from LoanCare.**

27. When Defendant responded to the RFI, it stated that the account became delinquent when the March 1, 2018 payment was not received until May 9, 2018, which is why the account went into foreclosure. **See Exhibit G.**

28. This response does not explain why (1) the original mortgage servicer did not file for foreclosure nor (2) why the two payments were returned if all other payments had otherwise been accepted.

29. Toni and Coleman Horne are now facing foreclosure of their home because of LoanCare's failures. They have filed this lawsuit as a result.

## COUNT I – VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

30. The Hornes incorporate paragraphs 1 to 29 in this Complaint by reference as though fully written here.

31. Defendant is and was subject to the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et. seq., ("RESPA"), at all times relevant to this transaction.

32. At all times relevant to this transaction, Defendant is and was a "**Person**" as defined by the RESPA at 12 U.S.C. § 2602(5).

33. At all times relevant to this transaction, The Hornes are and were each a "**Person**" as defined by the RESPA at 12 U.S.C. § 2602(5).

34. At all times relevant to this transaction, Defendant is and was a "**Servicer**" as defined by Regulation X ("Reg. X") at 12 C.F.R. § 1024.2.

35. The Mortgage Loan is a "**Federally Related Mortgage Loan**" as defined by the RESPA at 12 U.S.C. § 2602(1).

36. Defendant's actions discussed in this Complaint violate Reg. X at 12 C.F.R. § § 1024.35(b)(1) – (3) where Defendant: Failed to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments; Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and

applicable law; Failed to credit a payment to a borrower's mortgage loan account as of the date of receipt in violation of 12 CFR 1026.36(c)(1).

37. As a result of Defendant failing to properly apply payments and instead return them *a year after payment*, the Hornes were subject to ever increasing arrears, which improperly inflated the alleged amount owed on their account, along with late fees, and the eventual foreclosure action.

38. As a result of Defendant's actions, the Plaintiffs were forced to incur legal expenses to defend the improper Foreclosure Action.

39. As a result of Defendant's actions, the Plaintiffs were forced to incur the legal fees and expenses of initiating the present lawsuit.

40. Defendant is liable to the Plaintiffs under this Count for each of its RESPA violations in an amount equal to or greater than: the Hornes' actual damages, statutory damages in the amount of $2,000, and costs and attorney fees including pursuant to 12 U.S.C. § 2605(f)(1).

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

    a. Assume jurisdiction of this case;

    b. Award the Hornes maximum damages under each Count, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotional, general, and other damages;

    c. Award the Plaintiff actual damages to be established at trial under Count One of the Complaint including pursuant to 12 U.S.C. § 2605(f);

    d. Award the Plaintiff statutory damages in the amount of at least $2,000, plus attorney fees, and costs of the action, under Count One of the Complaint including pursuant to 12 U.S.C. § 2605(f)(2);

    e. Award the Plaintiff additional damages and costs;

    f. Award such other relief as the court deems appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA)

41. The Hornes incorporate paragraphs 1 to 29 in this Complaint by reference as though fully written here.

42. Plaintiffs are "consumers" as defined by Fla. Stat. § 559.55(8) of the FCCPA.

43. The mortgage is a consumer debt as that term is defined by Fla. Stat. §559.55(6).

44. At all material times herein, Defendant Loancare, LLC was a "person" subject to Florida Statutes, Section 559.72. See Florida Statutes, Sections 559.55(5),(7); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

45. The statements including late fees charged to Plaintiffs after the return of the two payments were debt collection communications pursuant to Fla. Stat. §559.55(2).

46. Defendant LoanCare, despite having full knowledge of the Plaintiffs' payment histories and amounts, charged late fees and interest on amounts which had been already paid, resulting in a consumer Debt which was not owed.

47. By returning payments and charging fees that Defendant knew Plaintiffs did not owe by nature of its servicing position, Defendant is and was subject to the following provisions of the FCCPA:

    a. " Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

48. Further, these communications were not merely TILA-required statements. As put succinctly by the Hon. Kurt Hitzemann, for the 5th Judicial Circuit, in and for Hernando County, Florida: "Just because something may be required by federal law does not mean the communication cannot be actionable debt collection for the purposes of the FCCPA." *See Jenkins v. Select Portfolio Servicing, Inc.* 26 Fla. L. Weekly Supp. 835a (Dec. 18, 2018).

49. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiffs.

50. Plaintiffs have suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

51. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

52. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

53. **WHEREFORE**, Plaintiffs respectfully pray that this Court:
    a. Award actual damages pursuant to Section 559.77 against Defendant and for Plaintiffs;
    b. Award statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiffs;
    c. Award costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiffs; and
    d. Award such other relief as this Court deems just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence – paper, audio recordings, electronic documents, or data – pertaining to this litigation as required by law.

Respectfully submitted this 25th of October, 2022

**STORY | GRIFFIN**

/s/ Max Story
MAX STORY, ESQ.
Florida Bar No.: 527238
Austin J. Griffin, Esq.
Florida Bar. No.: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiffs